UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 04-60904 |
| Columbus Microfilm, Inc. | : | Chapter 7 |
| TIN: 31-0854485 | : | Judge Calhoun |
| Debtor. | : | |

## TRUSTEE'S THIRD OPERATING
## REPORT FOR PERIOD ENDING JANUARY 31, 2007

Larry J. McClatchey, ("McClatchey" or "Trustee"), the duly authorized and acting chapter 7 Trustee, hereby makes his monthly operating report for the period ending January 31, 2007:

**1.    APPOINTMENT:** This case began as a voluntary Chapter 11 bankruptcy filed on July 9, 2004 ("Petition Date") by Columbus Microfilm, Inc. (hereafter "CMI" or "Debtor") after a period of time spent in receivership. On or about October 27, 2006, this Court, after hearing, entered its Order Converting Case to Chapter 7 ("Conversion Order") converting the above-styled bankruptcy case from a case under Chapter 11 to a case under Chapter 7. On or about the same time, McClatchey was appointed Chapter 7 trustee in this case.

**2.    TRUSTEE'S CONTINUED OPERATION OF THE DEBTOR'S BUSINESS AND REORGANIZATION PROSPECTS:** The Conversion Order authorized the Trustee "to operate the Debtor's business for 30 days after the date of entry of [the Conversion Order]," which the Trustee has been doing since his appointment. At this time, the Debtor's business of microfilming and digitizing documents continues to operate. Trustee has filed a request for authority to continue operations through March 31, 2007. Trustee has received a purchase offer for the tangible assets of the business that Trustee expects to close, after obtaining court approval, by that date. Trustee has concluded that a reorganization of CMI under the provisions of chapter 11 of the Bankruptcy Code is not possible. The offered price for the assets is less than the amount of the secured claim of Huntington National Bank. Trustee and Huntington have reached an agreement under which Huntington will subordinate its secured claim in the proceeds to 25% of the sale proceeds or $50,000, whichever is greater, to defray Trustee compensation and legal fees of Trustee's counsel, including costs associated with obtaining court approval of the sale. Unless a higher offer is received after notice of the sale, there will be no liquidation proceeds available to pay any claims against the superseded chapter 11 estate, or to pay any pre-petition unsecured creditors.

In January, Trustee entered into a settlement with St. Mary's Medical Center for continued work on their projects as well as payment of previous work completed. St. Mary's advanced funds to Debtor prior to conversion against work that CMI had agreed to perform during the fiscal year beginning October 1, 2006. Former management of CMI did not disclose to the Court or the Trustee that the payment received October 27, 2006 was not proceeds of accounts receivable. As a consequence, in December Trustee faced a severe cash flow problem.

Trustee and St. Mary's reached an agreement for completion of work on records of St. Mary's for the 2004 fiscal year. CMI is to receive bi-weekly payments of $16,984.81 each and CMI has agreed to complete the work for total additional payments of $169,840.00. Trustee is also receiving payments from other work performed by CMI.

3. **TRUSTEE'S EVALUATION OF ASSETS:** Trustee engaged Brad Eldridge of BSE Partners, LLC as financial adviser to assist in Trustee's evaluation of the business and its assets. In a report dated December 27, 2006, Mr. Eldridge concluded that the value of accounts receivable was $43,545.74, significantly below what has been reported to the Court and creditors by prior management. CMI maintains raw materials in inventory having minimal value. Mr. Eldridge also reported that the recorded book value of Debtor's plant and equipment was $490,674 but that the assets have been fully depreciated on Debtor's books.

Trustee has obtained a copy of a 2005 appraisal of assets of CMI done by Vannatta Brothers opining that the "in use, in place" value of the plant and equipment in September of 2005 was $380,000. Mr. Vannatta advised Trustee that the anticipated liquidation value of the plant and equipment in today's market conditions would be about 25% of the going concern appraised value, or about $95,000.

Trustee has received a written offer of $200,000 for purchase of the assets. The offeror is a new entity to be formed by Kellie Scheck and John Lewis, current management employees of CMI. The proposed sale is in the documentation stage prior to Trustee's notice of sale. Trustee is aware of one other party that has expressed an interest and make participate in bidding.

4. **BOND:** Trustee has a blanket Trustee's Bond in the amount of $2,000,000.00.

5. **ESTATE INCOME:** Trustee received approximately $188,000.00 on October 27, 2006 in funds that Debtor had in its accounts at National City Bank. Since October 27, 2006, Trustee has collected CMI's accounts receivable and has made disbursements for payroll and other operating expenses. Attached and incorporated herein are account statements, with detailed itemization of subsequent income and expense of Debtor. For this reporting period, CMI had cash on hand of $9197.13, income from operations of $89,023.55 and expenses were $91,065.75. The ending cash balance for the month was $6614.93.

6. **EXAMINATION OF PROOFS OF CLAIM:** The Court set February 28, 2007, as the last day for filing Proofs of Claim for interest in this case. The Trustee has not yet undertaken any examination of proofs of claim filed in the case. Because of the extended period of chapter 11 operations, and substantial unpaid chapter 11 priority claims, it appears that a there will be no funds available for distribution to chapter 11 administrative claimants or unsecured, pre-petition creditors.

7. **PROVIDE INFORMATION:** Trustee has conducted a number of conferences and meetings with parties in interest and their representatives including Angela Granata, and the Debtor's counsel, Grady Pettigrew. Trustee has also communicated with attorneys for other parties in interest, including Andrew Malek, Christopher Angst, Nora Jones and Dennis Morrison. The Trustee has furnished all information requested by parties in interest concerning the estate and the administration of the estate.

**8.    OPERATING REPORTS:** This constitutes Trustee's third operating report for the period ending January 31, 2007.

**9.    INSURANCE MATTERS:** The property of the estate known to the Trustee consists of the leasehold estate at 753 Harmon Avenue, Columbus, Ohio, various items of machinery, several vehicles, various accounts receivable, and possibly some addition unliquidated unsecured claims against various entities. Debtor's property is insured against losses, including casualty.

**10.    INVESTIGATION OF THE ACTS, CONDUCT AND FINANCIAL CONDITION OF THE DEBTOR:** Trustee has continued to investigate the acts, conduct and financial affairs of the Debtor. Trustee has gathered evidence suggesting that Debtor's prior management significantly misrepresented the position of the business, its relationship with its customers, and the value of its assets. Trustee's investigation is hindered by a lack of assets in the estate to support any further investigation.

**11.    EMPLOYMENT OF COUNSEL AND OTHER PROFESSIONALS:** Trustee employed the law firm of Kegler, Brown, Hill, & Ritter ("Kegler Brown") to represent him generally in connection with the Debtor's case. Trustee also employed Brad Eldridge of BSE Partners to assist in financial valuation and business matters. Trustee filed an Application to Employ Gerry J. Kesel of Kesel & West, Certified Public Accountants, as Accountant to prepare the fiscal year end tax returns; review internally-prepared financial statements; review and reconcile bank statements; and prepare cash flow statements and budget projections.

**12.    TAX MATTERS:** The Debtor, in operating its business under chapter 11, failed to pay its payroll and other trust fund taxes due the IRS and had built up a substantial post-petition, pre-petition arrearage of these obligations. The Trustee hired Paychex, Inc. to process the Debtor's payroll for its continued operations and ensure that tax withholdings were being made while the Debtor continued to operate. It appears unlikely that any payment can be made on Debtor's chapter 11 payroll tax obligations. Trustee is paying Debtor's ongoing payroll taxes for the period after October 27, 2006. Trustee is informed and believes that all payroll taxes for the fourth quarter of 2006 either have been or will be paid, and that all required returns have been filed. Trustee is also informed and believes that all other "trust fund" obligations, including sales taxes to the State of Ohio, have been or will be paid.

Dated: February 20, 2007           Respectfully submitted,

                                    /s/ Larry J. McClatchey
                                   Larry J. McClatchey  (0012191)
                                   KEGLER BROWN HILL & RITTER
                                   A Legal Professional Association
                                   65 East State Street, Suite 1800
                                   Columbus, Ohio 43215
                                   Telephone:    614/462-5400
                                   Facsimile:    614/464-2634
                                   lmcclatchey@keglerbrown.com
                                   Trustee and Attorney for Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2007, a copy of the foregoing Third Operating Report was served automatically electronically or deposited for delivery by ordinary United States mail, postage prepaid, as shown below, to the following listed persons:

ELECTRONIC SERVICE:

Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov

Kristopher E Aungst    kristopher.e.aungst@usdoj.gov

Stewart Hamilton Cupps scupps@keglerbrown.com bbrett@keglerbrown.com

Brian M Gianangeli    bgianangeli@mifsudlaw.com

Mark W Iannotta    mwi@columbuslawyer.net tam@columbuslawyer.net

Nora E Jones    jones@ghjlaw.com

Andrew M Malek    USAOHS.ECFColBank@usdoj.gov

Dennis J Morrison dmorrison@mbbblaw.com; m3blaw@yahoo.com;  mbuflo@columbus.rr.com

Grady L Pettigrew    gpecf1@sbcglobal.net glp14@sbcglobal.net;bw112@sbcglobal.net

Laura M Zaremski    lzaremski@bricker.com


U.S. MAIL SERVICE:

Angela R Granata
President of Columbus Microfilm, Inc.
1922 New Market Drive
Grove City, OH 43123


　　　　　　　　　　　　　　　　　　　　　 /s/ Larry J. McClatchey
　　　　　　　　　　　　　　　　　　　　　Larry J. McClatchey

**Columbus Microfilm, Inc.**
**Case No. 04-60904**

January 1, 2007 to January 31, 2007

**BANK OF AMERICA:**

| | | | |
|---|---|---|---|
| Balance Forward: | | | $9,197.13 |
| Income: | | + | 89,023.55 |
| | | | $98,220.68 |

Disbursements:
    Trustee Bond:             $275.19
    Payroll[1]:                36,649.00
    Payroll Taxes:        18,584.25
    Petty Cash:           500.00
    Rent:                   19,677.68
    Insurance:           1,952.12
    Taxes:                1,368.68
    Supplies:            12,598.83

    -   91,605.75

Total On Hand as of January 31, 2007 (BOA):        $6,614.93

---

[1] Payroll and payroll taxes disbursed through accounts of Debtor at National City Bank, copies of account statements attached.