UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                : Case No. 04-60904

    Columbus Microfilm, Inc.              : Chapter 7

                                          : Judge Calhoun

Debtor                                :

OBJECTION TO TRUSTEE'S SALE OF ASSETS

Now comes Angela Granata, pro se, and hereby submits the following Objections to the Trustee's request for approval to sell Columbus Microfilm, Inc ("CMI") and/or its assets:

**1.    The trustee has failed to pursue valid accounts receivable from Chase bank.**

The Trustee has failed to pursue valid accounts receivable from Chase Bank. This receivable totals approximately One Million Dollars ($1,000,000.00).

The Trustee has also failed to investigate the status and viability of this receivable, other than to simply sit back and request documents regarding proof of the receivable. I no longer have access to such documents, however, as I am no longer permitted on the premises of CMI.

There also has not been full disclosure as to the extent to which the Trustee and/or his law firm has personal or business ties to Chase Bank. It is my understanding that Chase Bank sends a substantial amount of business to the Trustee's firm, and also that the Trustee or members of his firm may have family members employed by Chase Bank.

The Trustee also hired Brad Eldridge, over the objection of attorney Grady Pettigrew. Mr. Eldridge had previously worked as an accountant for CMI, and had previously verified that the Chase Bank receivable was valid and collectible.

Prior to the sale of CMI and/or its assets, I respectfully request that an investigation be initiated as to such business and personal relationships on the part of the Trustee, and that full disclosure be made by the Trustee on such issues.

I further request that the Trustee fully explain and disclose the details and findings of any evaluation and investigation that he made as to the viability of the Chase Bank receivable.

As a result of the Trustee's failure to pursue a valid CMI receivable, the Trustee's planned sale of CMI and/or its assets would result in a substantial payroll tax debt being charged directly to me, personally. This is a debt that could have been more than satisfied, had the Chase Bank receivable been properly pursued by the Trustee.

2. **At a November 30, 2006 meeting of the Creditors, the Trustee refused to permit a factoring plan that would have resulted in full satisfaction of all CMI creditors.**

At a meeting of Creditors, on November 30, 2006, the Trustee was presented with a plan for an independent company to purchase the receivables of CMI, which in doing so, would have fully satisfied all creditors at 100% of the debt. The factoring company was willing to purchase an interest in CMI's current accounts receivable, including the substantial receivable from Chase Bank.

At that same meeting of Creditors, the trustee also refused to permit CMI to pursue asset-based lending, calling the money to be borrowed "too expensive."

Expensive money, and the full payment of all creditors would certainly have been a better result than the currently proposed sale of CMI and/or its assets, which will result in less than full satisfaction of all Creditors, and will also result in a substantial CMI debt being charged directly to me.

I do not believe the Trustee had a valid basis to reject these proposals that would have paid all Creditors at 100%, nor do I believe that the Trustee fully informed the Court of his actions.

Prior to the sale of CMI and/or its assets, I respectfully submit that a full disclosure of the Trustee's review and investigation of the aforementioned proposals should be made, including a detailed explanation as to the basis for the Trustee's denial of these proposals, and an explanation as to how the currently proposed sale of CMI and/or its assets is a better result than the proposals which would have resulted in full payment of the Creditors.

3. **The Trustee failed to inform the Court of a possible conflict of interest, as his law firm represented clients of CMI prior to CMI's Chapter 7 bankruptcy.**

To the extent that the Trustee and/or his law firm represented clients of CMI prior to CMI's Chapter 7 bankruptcy, full disclosure should have been made of such relationships. This is especially true of those mutual clients from which a receivable may or should have been pursued by the Trustee on behalf of CMI, and/or against which some other claim may or should have been raised by the Trustee on behalf of CMI.

4. **The Trustee failed to investigate the misdeeds of CMI's former Receiver, Reg Martin, and failed to pursue the former Receiver for**

**the non-payment of payroll taxes, for the misuse of funds, and for forgery of documents**

The former Receiver of CMI, Reg Martin ("Martin"), failed to pay CMI payroll taxes, misused CMI funds, mismanaged CMI, and forged documents *after* he was removed as Receiver of CMI. The Trustee had knowledge of these claims on the part of CMI and has simply refused to pursue them.

As a result of Martin's actions as the former Receiver of CMI, a substantial payroll tax debt was not paid during the period of his receivership, and that debt is now being charged to me personally.

The Trustee has simply refused to perform any type or level of investigation whatsoever into Martin's actions during and after his receivership of CMI, and has ignored and refused to investigate possible claims against Martin.

A substantial portion of the debt upon which this bankruptcy proceeding is based arose from Martin's period of receivership.

Prior to the sale of CMI and/or its assets, I respectfully submit that a full disclosure of the Trustee's review and investigation of Martin's actions during his receivership of CMI should be made. The Trustee's disclosure should include a detailed explanation as to the basis for the Trustee's refusal to investigate the allegations against Martin, the reasons for the large payroll tax debt having accrued during Martin's receivership of CMI, and the reasons for the Trustee's refusal to perform even the most basic investigation as to the allegations of forgery by Martin.

Much like the proposals discussed above, and the Chase Bank receivable, the claims against Martin could have generated funds for the payment of the Creditors in this matter, and could have completely or more fully satisfied the debts at issue in this action.

**5.    The Trustee failed to pursue CMI's breach of contract claim against the temporary employment agency that is currently a Creditor.**

CMI has a valid breach of contract claim against the temporary employment agency that is currently among the Creditors to this action. That temporary employment agency had a contract with CMI to provide staffing for a hospital records duplication project. CMI's hospital client required that no convicted felons have access to its records, due to the sensitive personal information contained therein. This prohibition against the hiring of felons was also included in CMI's contract with the subject temporary employment agency. Despite the clear language of its contract with CMI, the temporary employment agency hired felons to perform record duplication services at CMI, and as a result, CMI lost the subject hospital as a client, and lost a substantial contract in the process.

This is a valid claim, of which the Trustee has had knowledge, but has refused to pursue.

Prior to the sale of CMI and/or its assets, I respectfully submit that a full disclosure of the Trustee's review and investigation of CMI's possible claims against the temporary employment agency should be made. The Trustee's disclosure should include a detailed explanation as to the basis for the Trustee's refusal to investigate the allegations against the temporary employment agency, and the reasons for the Trustee's refusal to pursue theses claims on CMI's behalf.

Much like the proposals and receivables discussed above, the claims against the temporary employment agency could have generated funds for the payment of the Creditors in this matter, and could have completely or more fully satisfied the debts at issue in this action.

6. **Upon information and believe, CMI's former Receiver, Reg Martin, has some degree of interest in the pending purchase and operation of CMI.**

Upon information and believe, CMI's former Receiver, Reg Martin, is part of the proposed group of prospective purchasers of CMI. Because of Martin's history as the Receiver of CMI, and because of the claims that CMI has against Martin, full disclosure and investigation must be made to the extent that Martin has any involvement whatsoever in the currently proposed purchase of CMI and/or its assets.

Thus, for the reasons set forth herein, I, Angela Granata, formally object to the sale of CMI and/or its assets, as requested by the Trustee.

Respectfully submitted,

*/s/ Angela Granata*
Angela Granata, pro se

1922 Newmarket Dr
Grove City, Ohio  43123

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served, by pre-paid, ordinary U.S. Mail, upon the following on this the 23rd day of March, 2007:

Grady L. Pettigrew, Jr., Esq.
COX, STEIN & PETTIGREW CO., LPA
115 W. Main Street, 4th Floor
Columbus, Ohio 43215
*Attorney for Columbus Microfilm, Inc.*

Kristopher E. Aungst, Esq.
170 N. High Street, Suite 200
Columbus, OH 43215
*Attorney for Asst. U.S. Trustee*

Assistant U.S. Attorney
Office of the U. S. Trustee
United States Bankruptcy Court
170 N. High Street, Suite 200
Columbus, OH 43215

Brian M. Gianangeli, Esq.
326 South High Street Annex
Suite 201
Columbus, Ohio 43215
*Attorney for The State of Ohio Department of Taxation*

Andrew M. Malek, Esq.
2nd Floor
303 Marconi Boulevard
Columbus, Ohio 43215
*Attorney for United States of America, Internal Revenue Service*

Nora E. Jones
GAMBLE HARTSHORN JOHNSON, LLC
One East Livingston Avenue
Columbus, Ohio 43215

Columbus Microfilm, Inc.
ATTN: Larry J. McClatchey, Trustee
P. O. Box 163053
Columbus, Ohio 43216

Stewart H. Cupps, Esq.
KEGLER BROWN HILL & RITTER, LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
*Attorney for Larry J. McClatchey, Trustee*

Dennis Morrison, Esq.
Attorney for Huntington National Bank
Means, Bichimer, Burkholder, & Baker., LPA.
2006 Kenny Road
Columbus, Ohio 43221-3502

_____
Angela Granata