# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF OHIO

FILED
2013 SEP -6 PM 3:06
MICHAEL D. WEBB, CLERK
U.S. BANKRUPTCY COURT
COLUMBUS, OHIO

Columbus Microfilm, Inc.,
Debtor,

EIN # 310854485
Pro Se Filing

Case No. 04-60904
Judge Preston

Chapter 7

OBJECTION TO FORMER TRUSTEE LARRY MCCLATCHEY'S OBJECTION IN REOPENING SUCH CASE.

Creditor and sole stockholder of Columbus Microfilm, Angela R. Granata, requests this Honorable Court to approve Granata's previous Ex-Parte Application request to re-open closed bankruptcy case 04-60904 under 11 U.S.C Section 350(B) and files her objection to the former Trustee's objection.

The within request to reopen such closed case is necessitated by the complexity of the issues and the need to fully address the numerous factual and legal arguments that have been raised not just by Granata, but also by the JT/SG defendants in case # CVH 04-5544 and 13AP 000424. A Motion in Intsanter was recently filed with this Honorable Court that addresses such motion.

My objection to former Trustee Larry McClatchey is based upon the following:

1. Mr. McClatchey is objecting citing that laches; I disagree based upon the 2013 recent IRS offset of my disability check due to non-payment of when the Receiver was court appointed at Columbus Microfilm. The argument of I had plenty of time to handle such situations is moot because such actions of various agencies have affected me now, not in the the past. The severity of the damages I had to endure is unprofessional and fraudulent. My request to reopen the bankruptcy is based on the opportunity to request further relief as seen in the following: *Chalasani*, 92 F.3d at 1307-08. *Accord In re Leach*, 194 B.R. 812 (E.D. Mich. 1996); *In re Germaine*, 152 B.R. 619 (B.A.P. 9th Cir. 1993).

2. Trustee has no standing to object. He is not a creditor nor has an interest in this case. His "only interest" was he is the former trustee and may have tax liabilities unpaid from his "short tenue" at Columbus Microfilm, which was three years.
3. Former Trustee McClatchey feels that the exhibits I presented to this Honorable Court were not of high standard. Unfortunately, such prints were made from the agencies website and no one, not even myself, have control over the quality of such scanning. However, in many of the documents, the name(s) are clear enough to see who the tax liability befalls upon (see attached).

Angela R. Granata, creditor and former owner of Columbus Microfilm (CMI) hereby enters her objection to the Former Trustee's *"Trustee's Objection to Ex-Parte Application to Reopen Closed Case Under 11 U.S.C.Section 350 (b)*, filed by the former Trustee, Larry McClatchey on August 19, 2013. According to Mr. McClatchey, "he operated the business for a short time prior to the sale of the assets under court supervision. " For the record, or as Mr. McClatchey says "quibbles", Mr. McClatchey ran the business, short term as he outlined in his objection, from October 27, 2006 until the case was closed on August 31, 2010, for a total of 1404 days or 3.84 years.

I based my situation on the following cases: "Ultimately, however, the decision to reopen is within the discretion of the court, and merely granting a motion to reopen does not afford substantive relief but simply provides the opportunity to request further relief. *Chalasani*, 92 F.3d at 1307-08. Accord *In re Leach*, 194 B.R. 812 (E.D. Mich. 1996); *In re Germaine*, 152 B.R. 619 (B.A.P. 9th Cir. 1993)."

In my concerns for fraud perpetrated onto the creditors and to this honorable court, I find in *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529 (11th Cir. 1986); *In re Rosinski*, 759 F.2d 539 (6th Cir. 1985) I find that these cases show support on the fraud issues I have raised to this honorable court.

As outlined by the United States Supreme Court, U.S. Supreme Court has long observed: "One of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start fresh free from the obligations and responsibilities consequent upon business misfortunes.' *Williams v. U.S. Fidelity & G. Co.*, 236 U.S. 549, 554-55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). In furtherance of a fresh start, debtors "are entitled to do what they can to ensure a comprehensive discharge, get the case behind them, and get on with their lives." *McKinnon*, 165 B.R. at 58.

This is my basis to ask this honorable court to reopen the Columbus Microfilm bankruptcy, as all creditors were not treated equally and or fairly.

The facts to reopen this case on a short term basis, as previous outlined to this Honorable Court are as follows:

1. Taxes were not paid by the former Receiver Reg Martin and Martin Management. Mr. McClatchey feels that this court does not have jurisdiction of such disputes. I disagree as the domino effect of such taxes not paid by the former receiver carried

over into the bankruptcy and well into when Mr. McClatchey was appointed Trustee. Mr. McClatchey knew of such outstanding debts Reg Martin and Martin Management caused Columbus Microfilm (CMI) yet, Mr. McClatchey failed to do his fiduciary responsibility and collect such taxes from Mr. Martin.

2. Mr. McClatchey feels "claims of creditors against Granata, individually, cannot be adjudicated in this court because the outcome of those disputes can have no bearing on the closed case."
I disagree with this statement. As a creditor and former owner of Columbus Microfilm (CMI), I am now being punished for sins committed by the former Receiver Reg Martin for failure to pay taxes and other liabilities that directly affected the bankruptcy outcome of this case.

3. Because of the tax liens that have befallen on me due to the former Receiver not paying such that was his fiduciary responsibility under his tenure, as pointed out in *Williams v. U.S. Fidelity & G. Co.*, 236 U.S. 549, 554-55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). In furtherance of a fresh start, debtors "are entitled to do what they can to ensure a comprehensive discharge, get the case behind them, and get on with their lives." *McKinnon*, 165 B.R. at 58. I have not been able to pay such liens as they are the responsibility of either the Receiver and or the Trustee. Such liens have been both financially and an emotional drain for myself as a creditor.

4. Mr. McClatchey outlines that "212 pages of mostly incomprehensible documents attached to the Application, that demonstrates any need to reopen the case to administer assets or to accord relief to the Debtor.
I would disagree. If Mr. McClatchey noticed on the tax liens and other documents, the documents, printed from the Websites of many of the IRS, State and City, as well as Franklin County Recorder, that such liens show "Reg Martin, Receiver" tax liens that Mr. Martin and Martin Management, I feel, is liable, and has caused harm and damage not just to myself as a creditor, but to all creditors.

5. Mr. McClatchey also says in his Objection Motion that.."The receiver, Martin Management had no control over the Debtor's business after July 9, 2004. Moreover, she and her bankruptcy counsel had more than adequate time to address the issues she raises in the Application during the chapter 11 phase..."
I would disagree. According to Mr. McClatchey, the receiver had no control after July 9, 2004; yet, Mr. Martin sells assets a whole year after the court order stay and collects approximately $30,000 gross profit and fails to report this to this Honorable Court. Then, during this time, Mr. Martin then takes Payroll Tax money from the National City Bank Account of approximately $26,000 and fails to report this to the Bankruptcy Court. Mr. McClatchey, in my opinion, and in his actions, know of such actions by the former receiver Mr. Martin and also failed to report such criminal activity to this Honorable Court.

6. Mr. McClatchey feels that I had more than "adequate time" to address such issues when in fact, the opposite is true. As I had outlined in my original Application, all tax

liens have hit me personally within the last six to eight months, causing great financial and emotional stress; also, I was recently given all my files back from my former Bankruptcy Attorney within the last six months, as I did not have access to such information beforehand.

7. Mr. McClatchey outlines that "Several departments of the State of Ohio responded to the Trustee's Motion." I could not object to such motion as I was never notified of such; just like with this motion, Mr. McClatchey has the wrong address and this Honorable Court was given my current address. The address Mr. McClatchey sent his objection to was my mother's and my home and she has been deceased for over three years and neither one of us have not lived in that address for five years. Mr. McClatchey failed to notice my current address submitted to this honorable court on my Ex-Parte Application.

8. Mr. McClatchey states that "laches may be invoked" but I would object to this as I believe, not having access to what I feel is valuable records, plus the fact that Federal, State and Local Government liens on myself, which are showing current within the last year, should show this court I was not sleeping on my rights nor was I failing to assert my rights in a timely manner. I am now feeling the tax liens that have been unfairly levied against me for others who failed to do their fiduciary responsibility.

9. Finally, Mr. McClatchey feels that issues should have been raised in his final report. Again, Mr. McClatchey failed to send the reports and other valuable information to Ms. Granata, as this current motion is proof. Had I not called the court to check on this case, I would have never known about this motion.

For all creditors involved, I hereby submit my order to deny the former Trustee's motion and to allow the bankruptcy to reopen specifically on the issues I raised in the original Application.

In short, the purpose of this objection is to allow this court to review my arguments and concerns addressed previously in the Ex-Parte Application dated and to add to the list to be review in the Pre-Trial, dated October 1, 2013. Such a request is not to waste this court's time with needless additional pages of argument, but to aid this Court in deciding the government's position as well as the secured and unsecured creditors position in the closed bankruptcy case of Columbus Microfilm, that is, to reopen this case.

Accordingly, Ms. Granata , creditor respectfully requests that this Court grant the within Motion as well as accept the enclosed exhibits.

Respectfully submitted,

Angela R. Granata, pro se
947 E. Johnstown Road
Columbus, OH 43230

By: Angela R. Granata, Pro Se

947 E. Johnstown Road

Columbus, Ohio 43230

614-626-1511 (Phone)

argranata@msn.com (email)

Issue Date: 11-13-10

NOTICE OF LIEN - FRANKLIN County, Ohio

I, BYRON ARCHER the duly appointed, representative of DOUGLAS E. LUMPKIN, Director of the Ohio Department of Job and Family Services, do hereby certify and give notice of lien that the following contribution(s) required to be paid by the unemployment contribution law of Ohio in the following amount, or amounts, to the Ohio Department of Job and Family Services, Bureau of Unemployment Compensation Tax by an employer, to wit:

Reg Martin Receiver
Columbus Microfilm, Incorporated
180 E Broad St 28th Fl

Columbus, Oh 43215

were not paid when due and now are delinquent and will bear interest pursuant to Ohio Revised Code 4141.23 from respective due date as herein above set forth. Said contribution(s), interest, penalty, and forfeiture, if any, thereon are a lien upon real and personal property of said employer within the county of FRANKLIN , State of Ohio.

I certify the foregoing to be a true and correct copy of the action taken by Ohio Department of Job and Family Services, at Columbus, Ohio with respect to the above matter this on 11-13-10.

"...any contribution, interest, penalty, or forfeiture required to be paid under such sections by any employer shall, if not paid when due, become a lien upon real and personal property of such employer..."
Section 4141.23 ORC.

This instrument was prepared by The Ohio Attorney General.

AG# 9293677          DRL# 1369372004

*Byron Archer*
Ohio Department of Job and Family Services

UCTLN2
   Reserved For County Recorder



*A 9 2 9 3 6 7 7 C 2 5 D 2 0 1 0 1 1 1 3 R*

Issue Date: 11-13-10

## NOTICE OF LIEN - FRANKLIN County, Ohio

I, BYRON ARCHER the duly appointed, representative of DOUGLAS E. LUMPKIN, Director of the Ohio Department of Job and Family Services, do hereby certify and give notice of lien that the following contribution(s) required to be paid by the unemployment contribution law of Ohio in the following amount, or amounts, to the Ohio Department of Job and Family Services, Bureau of Unemployment Compensation Tax by an employer, to wit:

Reg Martin Receiver
Columbus Microfilm, Incorporated
180 E Broad St 28th Fl

Columbus, Oh 43215

were not paid when due and now are delinquent and will bear interest pursuant to Ohio Revised Code 4141.23 from respective due date as herein above set forth. Said contribution(s), interest, penalty, and forfeiture, if any, thereon are a lien upon real and personal property of said employer within the county of FRANKLIN , State of Ohio.

I certify the foregoing to be a true and correct copy of the action taken by Ohio Department of Job and Family Services, at Columbus, Ohio with respect to the above matter this on 11-13-10.

"...any contribution, interest, penalty, or forfeiture required to be paid under such sections by any employer shall, if not paid when due, become a lien upon real and personal property of such employer..."
Section 4141.23 ORC.

This instrument was prepared by The Ohio Attorney General.

AG# 9293677        DRL# 1369372004


Ohio Department of Job and Family Services

UCTLN2
Reserved For County Recorder

A9293677C25D20101113R

QTR-TOT                                     14,917.05
TOTAL BALANCE DUE                           29,835.01

QTR-TOT

TOTAL BALANCE DUE                    29,835.01

Case 2:04-bk-60904    Doc 337    Filed 09/06/13    Entered 09/09/13 14:47:29    Desc Main
                                Document      Page 9 of 9