**UNITED STATES BANKRUPCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 04-60904 |
| | : | |
| **COLUMBUS MICROFILM, INC.** | : | Chapter 7 (Converted) |
| | : | |
| Debtor(s). | : | Judge Preston |

**MEMORANDUM IN OPPOSITION TO MOTION TO RE-OPEN CASE TO ADMINISTER ESTATE ASSETS (DOC. 349)**

NOW COMES Reg Martin, the former Receiver of the Debtor, and hereby files this Memorandum in Opposition to the *Amended Motion to Reopen Case to Administer Estate Assets* (the "Motion") filed on March 11, 2016 (Doc. 349), by Angela R. Granata ("Ms. Granata"). It is requested that the Motion be denied as the issues raised therein were heard by this Court previously and were denied.

**I.    BACKGROUND**

Ms. Granata was the principal owner of the Debtor and managed the business until her employment was terminated by the Chapter 7 Trustee. Reg Martin of Martin Management ("Mr. Martin" or the "Receiver"), was appointed by the Franklin County Common Pleas Court as Receiver of the Debtor in March, 2004, in the case captioned <u>Unizan Bank, N.A. v. Columbus Microfilm, Inc., et al.</u>, Case Number 04CVE03-2600 (the "State Court Case"). Columbus Microfilm, Inc., (the "Debtor") filed this case as a Chapter 11 proceeding on July 9, 2004, and the case was converted to a Chapter 7 proceeding on October 27, 2006.

On August 5, 2013, an Ex Parte Application to Reopen Closed Case under 11 U.S.C. §350(B) (the "Application") (Doc. 331), was filed by Ms. Granata. A hearing was held on October 1, 2013, (the "October 2013 Hearing") on the Application (Doc. 334). The Application, *inter alia*, included some of the same allegations against Mr. Martin as set forth in the Motion.

1

One of the main issues identified in both the Application and the Motion is real estate known as 5980 Canehill Lane, Hilliard, Ohio (the "Real Estate"). The Real Estate is a condominium and was the subject of a land contract. A copy of the Land Installment Contract is attached hereto as Exhibit A (the "Land Contract"). (The Social Security Number has been redacted although the Tax ID number of the entity is included. The Social Security Number is in fact listed on the Land Contract).

Neither the Real Estate, nor the Land Contract, is listed in the Schedules of Assets and Liabilities filed by the Debtor. A review of the Land Contract references Ms. Granata as the Vendee. While it was clearly not a model of clear draftsmanship, the intent on the signature page is shown as "Angela Granata, Vendee." This fact, coupled with the failure to list either the Real Estate, or the Land Contract as an asset of the Debtor, leads to the conclusion that neither the Real Estate, nor the Land Contract, were assets of the Debtor.

A review of some of the Pleadings filed in the State Court Case that are attached to the Motion reveals that the actions of the Receiver relative to the Real Estate were served on Ms. Granata through her counsel, and in some instances, served on counsel for the Debtor. At no time did Ms. Granata, her counsel, or counsel for the Debtor even suggest that the interest in the Land Contract was property of the bankruptcy estate until the Application was filed (over five (5) years after the State Court Case was terminated).

At the October 2013 Hearing, the Court provided Ms. Granata with the opportunity to present evidence on the Application. As indicated in the Order and Judgment Denying Motion to Reopen Closed Case entered on October 10, 2013, (Doc. 340) ("October 2013 Order"), the Court stated its findings and facts and conclusions of law on the record of the hearing and denied the

Application on the basis that Ms. Granata failed to demonstrate sufficient cause for reopening the Debtor's proceeding.

Ms. Granata, through the Motion, now seeks the same relief that was denied in October 2013 Order. No Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, was sought, nor was an appeal of the October 2013 Order filed. The Motion is essentially duplicative of what was requested in the Application filed in August 2013 which relief was denied by the Court.

## II. LEGAL ANALYSIS

A bankruptcy court may reopen a case ". . . to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). To justify reopening a case, the likelihood of recovering additional assets must be substantial, *Zinchiak v. Cit Small Business Lending Corp.* (In re Zinchiak, 406F.3d 214 (3d Cir. 2005). However, a remote possibility of obtaining assets that would provide a meaningful distribution is justification for an order declining to reopen a case, *In re Herzig,* 96 B.R. 264 (BAP 9th Cir. 1989). Moreover, given the over twelve years since the commencement of the State Court Case and before this Court, laches may be invoked as grounds for a denial of a motion, if delay by the moving party has been unreasonable and has prejudiced the party opposing reopening, *In re Plumblee*, 236 B.R. 606 (E.D. Va. 1999).

As this Court noted during the October 2013 Hearing, the interest in the Real Estate was not listed as an asset of the Debtor. While the Receiver may have been opportunistic by attaching his name to a sales document which he administered in the State Court Case, the personal attorney for Ms. Granata was served with the pleadings in the State Court Case with regard to the sale of the Real Estate. Pleadings in the State Court Case were provided to attorneys for Ms. Granata, as well as, counsel for the Debtor and no action was taken. Despite

3

being served with pleadings regarding the Real Estate, no objection was filed, no relief from any judgment in the State Court Case was sought, and no appeal was ever taken.

To the extent she seeks relief from the actions taken by the Receiver, Ms. Granata must seek relief in the State Court Case and not in this proceeding. This Court lacks subject matter jurisdiction of disputes between Ms. Granata and the former Receiver for the Debtor.

At no time during tortured history of this case did Ms. Granata, or the Debtor, seek to raise the issue that the Real Estate or the Land Contract was an asset of the Debtor until over five years after the State Court Case was terminated and over two years after the bankruptcy case was closed.

Further, the Motion seeks to raise issues with regard to the scheduling of assets that took place over 12 years ago and with transactions that occurred and were approved in the State Court Case over 11 years ago. The Motion also seeks to revisit the same issues that were denied by this Court in the October 2013 Order.

The claims raised in the Motion are barred by the doctrine of res judicata. A claim is barred by the doctrine of res judicata if the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies;' (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir. 1997).

A final judgment on the merits bars further claims by parties or their privies based on the same causes of action. *Montana v. United States*, 440 U.S. 147 (1979). The doctrine of res judicata prevents litigation of all grounds for recovery or defenses that were previously available

4

to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Born v. Felsen*, 442 U.S. 127 (1979). *Id.* at 787.

Ms. Granata had an opportunity to litigate the issues relative to the Real Estate and the Land Contract in the State Court Case when she and her attorney were served with pleadings addressing the sale of the Real Estate, and again before this Court in 2013. The doctrine of res judicata prevents re-litigation of the very same issues and facts that were raised in 2013 and addressed by this Court and which could have been raised at any time in the State Court proceedings.

### III. CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court issue an Order denying the Motion, and that the Court grant such other and further relief as is appropriate.

Respectfully submitted,

  /s/  A. C. Strip
**A.C. Strip  (0018262)**
Strip, Hoppers, Leithart, McGrath & Terlecky Co. LPA
575 South Third Street
Columbus, Ohio 43215
(614) 228-6345 (telephone)
(614) 228-6369 (facsimile)
Email: acs@columbuslawyer.net
Attorney for Reg Martin of Martin Management,
Former Receiver for Columbus Microfilm, Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 4, 2016, a true and accurate copy of the foregoing MEMORANDUM IN OPPOSITION TO MOTION TO RE-OPEN CASE TO ADMINISTER ESTATE ASSETS (DOC. 349) was served on the following registered ECF participants, electronically through the court's ECF system, at the email address registered with the Court:

Asst US Trustee (Col)
James C Carpenter
Stewart H Cupps
Steven L Diller
Brian M Gianangeli
Mark W Iannotta
Nora E Jones
Andree M Malek
Larry J McClatchey
Dennis J Morrison
David M Whittaker

And on the following by ordinary U.S. mail, postage prepaid, on the Debtor, the Trustee and all creditors and parties in interest as reflected on the attached mailing list, unless served through ECF.

    /s/ A. C. Strip
A. C. Strip (0018262)

EXHIBIT A

## Land Installment Contract

This agreement is entered into at Columbus, Ohio, by and between David and Lynn Hearn, hereinafter called the Vendor, whose address is 5151 Lambert Road, Grove City, Ohio, 43123 and Angela Granata, President of Columbus Microfilm, Inc. hereinafter called the Vendee, whose address is 1600 Universal Road, Columbus, Ohio, 43207.

WITNESSETH:

That in consideration of the mutual promises of the parties contained herein, the Vendor agrees to sell and convey, and the Vendee agrees to purchase and pay for, upon and under the provisions, terms and conditions herein expressed, the following described real property, situated in the City of Columbus, County of Franklin, and State of Ohio, commonly known as 5680 Canehill Lane, Hilliard, Ohio, 43026 [43017 struck through]. That being more particularly described as follows in the Fidelity National Title Insurance Company of New York's Commitment for Title Insurance File # 82186560.

The Vendee agrees that prior to execution hereof they have lived in and thoroughly inspected the premises herein conveyed and that they are satisfied in all respects with its condition, and Vendee accepts the premises as-is. Vendor makes no warranties of any kind as to the condition of the premises, and it is understood that Vendor has not promised to repair or otherwise improve the premises as a condition of this agreement.

The Vendee agrees to pay for said property the sum of eighty four Thousand five hundred Dollars ($84,500), and in addition the following shall constitute charges or fees for services which are

includible in the contract separate from and in addition to the contract price:

The Vendee agrees to pay all property taxes, assessments and condo fees for the premises, from April 1st, 2002, forward. Vendee's monthly payment shall be periodically adjusted for the purpose of escrowing said property taxes and assessments. Vendor shall cause said property taxes, condo fees and assessments to be paid on behalf of Vendee.

The Vendee agrees to insure the premises against fire, hazards and other extended and similar risks for all improvements on the property, in an amount not less than the purchase price balance, or the balance on Vendor's mortgage loan, whichever is greater, in companies satisfactory to the Vendor, with loss payable to Vendor, Vendor's mortgagor, and Vendee, as their interests appear. Vendee's monthly payment shall be periodically adjusted for the purpose of escrowing said cost of insurance. Vendor shall cause said insurance to be paid on behalf of Vendee, and Vendor shall have the right to choose the property and casualty insurer. The policy of insurance shall be delivered to and held by Vendor.

The sum of one thousand two hundred dollars ($1200.00) has been paid to the Vendor on April 1st 2002 keep this contract from becoming void.

Starting on May 1 2002 Vendee will pay payments of $1500.00 at which time the unpaid balance is expected to be Eighty Four thousand two hundred forty three Dollars and thirtyfive cents ($84,243.35), bearing interest at the rate of 9.25% per annum for

Five years of this contract, with principal and interest being payable in twelve consecutive installments of Fifteen Hundred Dollars ($1,500.00) each on the first day of each month, beginning May 1st, 2002. Said payments shall be applied first to interest and the balance to principal, based on a thirty year amortization schedule, interest to be ratably reduced from and after each part payment of principal.

Additional partial payments or entire payment of the principal may be made at any time, without penalty. Additional partial payments of principal shall serve to reduce the principal only, and shall reduce the monthly payment only at each annual anniversary date hereof. In such event, the monthly payment shall be adjusted on an annual basis based upon a constant maturity and thirty year amortization.

Vendee's initial monthly payment of principal, condo fees, interest, taxes, and insurance, shall total $1,500.00, which is arrived at as follows:

| | |
|---|---|
| Principal and interest | $1208.00 |
| Property Taxes | $167.00 |
| Maintance Fees | $119.00 |
| Hazard Insurance | $ 6.00 |

The monthly payment provided for herein shall be adjusted annually, or more often if necessary, to account for increases or decreases in property taxes, condo fees and insurance.

Vendee agrees that if any monthly payment or down payment installment is late that Vendee will pay a late charge to Vendor of $5.00 per day. Any payment set forth herein will be deemed

late and is subject to said late charges if postmarked by Vendor after the 2nd day of the month.

Vendor may, at its option, delay enforcing any rights under this Land Contract without losing them. Vendor may excuse Vendee from certain responsibilities any number of times without losing any rights against Vendee. Vendor, may, at its option, accept and negotiate late payments tendered to it by Vendee, and, in such event, Vendor has not waived its right to institute legal proceedings of any kind due to non-payment or late payments by Vendee.

Vendee agrees that the entire principal balance shall be paid in full on or before the fifth anniversary of this land contract, that being Feb 28th, 2007. Vendee agrees that failure to pay the entire balance of the principal as indicated herein by the fifth anniversary of this agreement shall result in a complete forfeiture of Vendee's interest herein, <u>unless Vendee and Vendor agree to extend this contract six months before it is scheduled to expire (August 28, 2006.</u>

The Vendor agrees to furnish a copy of title insurance, or such other evidence of title as is in accordance with the prevailing custom in the area where the property is located, which said evidence shall show a marketable title to the said property, free and clear from all encumbrances, except:

NONE

and except legal highways, building and zoning regulations, restrictions and easements or record, and except taxes, assessments, and other governmental charges against the property

which shall be the responsibility of Vendee from April 1, 2002, and thereinafter.

Said property is subject to the following encumbrance(s):

Mortgage(s) with Fifth Third Bank and/or Countrywide, or such other mortgages as Vendor may from time to time obtain from existing or other lenders, in amounts totalling less than the balance due herein.

Vendor agrees that if Vendor defaults on any mortgage on the property, Vendee may pay on said mortgage and receive credit on payments due under this contract.

Said property is subject to the following pending orders of public agencies:

NONE

Upon fulfillment of Vendee's obligations under the terms of this contract, Vendor agrees to convey said property to Vendee by deed of general warranty, with the release of dower, if any, or by such other deed as is available should Vendor be legally unable to deliver a deed of general warranty.

If any installment payment to be made by the Vendee under the terms of this contract is not paid by the Vendee when due or within thirty (30) days thereafter, the Vendor may initiate forfeiture of the interest of the Vendee in default, as provided by law. <u>Vendee hereby agrees that all provisions herein are not transferable and all obligations herein are joint and several and binding upon the heirs and assigns of each of the Vendees.</u> Vendor may transfer or assign its interests herein. References herein to any particular gender shall be deemed to include both genders, and

any use of the singular shall include the plural, and vice versa, where appropriate.

In Witness Whereof, the Vendor and Vendee have executed this contract in duplicate this 12th day of Sept., 2002.

Each of the below signed witnesses acknowledge that they witnessed each Vendee and each representative of Vendor sign this Land Installment Contract:

Social Security # _____
TaxID# 310854485

_____
Angela Granada, Vendee
President, Columbus
Microfilm, Inc

_Angela E Granada_____

[Notary Seal: D. MORGAN-BARNES, Notary Public, State of Ohio, My Commission Expires Sept. 17, 2008]

N/A
N/A

Sworn to before me and subscribed in my presence this 12th day of Sept., 2002, by Vendee, Angela Granada President Columbus Microfilm, Inc.

_Morgan Barnes_____
Notary Public

David W. Hearn
_David Hearn_____
Lynn H. Hearn
_Lynn Hearn_____

Sworn to before me and subscribed in my presence this 18 day of October, 2002, by Vendor, David W. Hearn and Lynn H. Hearn

_Jeanette L. Yeater_____
Notary Public

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:04-bk-60904<br>Southern District of Ohio<br>Columbus<br>Sun Apr  3 12:55:04 EDT 2016 | Columbus Microfilm Inc<br>753 Harmon Ave<br>Columbus, OH 43223-2411 | ESS Staffing Resources, Inc.<br>c/o Nora E. Jones<br>Gamble Hartshorn Johnson, LLC<br>One East Livingston Avenue<br>Columbus, OH 43215-5700 |
| Excel Temporaries, Inc.<br>c/o Nora E. Jones<br>Gamble Hartshorn Johnson, LLC<br>One East Livingston Avenue<br>Columbus, OH 43215-5700 | Internal Revenue Service<br>Internal Revenue Service<br>U.S. Attorney's Office<br>303 Marconi Boulevard, Suite 200<br>Columbus, OH 43215-2326 | JPMorgan Chase Bank, NA<br>1111 Polaris Parkway<br>Mail Code OH1-0152<br>Columbus, OH 43240-2031 |
| Ohio Bureau of Workers' Compensation<br>c/o Brian M. Gianangeli, Esq.<br>The Law Office of Charles Mifsud, LLC<br>326 South HIgh Street<br>Suite 201<br>Columbus, OH 43215-4522 | Ohio Mulch Supply, Inc.<br>c/o Laura M. Zaremski, Esq.<br>100 South Third Street<br>Columbus, OH 43215-4214 | Unizan Bank, National Association<br>c/o Dennis J. Morrison, Esq.<br>2006 Kenny Road<br>Columbus, OH 43221-3502 |
| Weber Holdings Universal, Ltd.<br>c/o David M. Whittaker, Esq.<br>100 South Third Street<br>Columbus, OH 43215-4214 | AEP<br>PO BOX 2021<br>ROANOKE VA 24022-2121 | AMERICAN EXPRESS<br>11340 MONTGOMERY RD<br>CINCINNATI OH 45249-2385 |
| ANGELA R GRANATA<br>1922 NEW MARKET DRIVE<br>GROVE CITY OH 43123-1659 | Angela Granata<br>c/o John E. Decker<br>4110 Indianola Avenue, Unit B<br>Columbus, Ohio 43214-2850 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 |
| BANK OF AMERICA<br>11340 MONTGOMERY RD<br>CINCINNATI OH 45249-2385 | BANK ONE<br>NATIONAL GEOGRAPHIC VISA<br>PO BOX 94014<br>PALATINE IL  60094-4014 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CITI BUSINESS CARD<br>PO BOX 6309<br>THE LAKES NV  88901-6309 | CITIGROUP CARD<br>PO BOX 6062<br>SIOUX FALLS SD 57117-6062 | CITY OF COLUMBUS<br>DIVISION OF INCOME TAX<br>50 W GAY ST 4TH FL<br>COLUMBUS OH 43215-9070 |
| Capital Plumbing & Mechanical Inc<br>5721 Westbourne Ave<br>Columbus OH 43213-1449 | Celerity Networks LLC<br>3455 Mill Run Dr Suite 300<br>Hilliard OH 43026-9082 | (p)COLUMBIA GAS<br>290 W NATIONWIDE BLVD 5TH FL<br>BANKRUPTCY DEPARTMENT<br>COLUMBUS OH 43215-4157 |
| (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | ESS STAFFING RESOUCES INC<br>C/O NORA E JONES<br>ONE E LIVINGSTON AVE<br>COLUMBUS OH 43215-7700 | ESS STAFFING RESOURCES INC<br>C/O NORA E JONES<br>ONE E LIVINGSTON AVE<br>COLUMBUS OH 43215-7700 |
| EXCEL TEMPORARIES INC<br>C/O NORA E JONES<br>ONE E LIVINGSTON AVE<br>COLUMBUS OH 43215-7700 | EXCEL TEMPORARY<br>550 E TOWN STREET<br>COLUMBUS OH 43215-4802 | FIRST NATIONAL BANK OF OMAHA<br>PO BOX 2951<br>OMAHA NE 68103-2951 |

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF OMAHA<br>PO BOX 3351<br>OMAHA NE 68103-0351 | FLEET CREDIT CARD<br>PO BOX 17192<br>WILMINGTON DE 19850-7192 | GBQ PARTNERS<br>PO BOX 182108<br>COLUMBUS OH 43218-2108 |
| INSURANCE OF CENTRAL OHIO<br>165 W MAIN STREET<br>NEW ALBANY OH 43054-9227 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Jan Pro of Columbus<br>C/O Dana & Pariser Co LPA<br>800 E Broad St<br>Columbus OH 43205-1015 |
| John Decker<br>3980 Shattuck<br>Columbus, Ohio 43220-4172 | (p)OHIO BUREAU OF WORKERS COMPENSATION<br>LAW SECTION BANKRUPTCY UNIT<br>P O BOX 15567<br>COLUMBUS OH 43215-0567 | Ohio Casualty Insurance Co.<br>c/o RMS Bankruptcy Recovery Services<br>P.O. Box 5126<br>Timonium, Maryland 21094-5126 |
| Ohio Department of Job and Family Services<br>P.O. Box 182404<br>Columbus, Ohio 43218-2404 | (p)OHIO DEPARTMENT OF TAXATION<br>BANKRUPTCY DIVISION<br>30 EAST BROAD STREET<br>COLUMBUS OHIO 43215-3414 | PITNEY BOWES CREDIT CORPORATION<br>ATTN RECOVERY DEPT<br>27 WATERVIEW DR<br>SHELTON CT 06484-4361 |
| REMEDY STAFFING<br>101 ENTERPRISE<br>SUITE 100<br>ALISO VIEJO CA 92656-2604 | RICHARD CORDAY<br>FRANKLIN CTY TREASURER<br>373 S HIGH STREET<br>COLUMBUS OH 43215-6306 | RONK BROTHERS<br>3756 AGLER RD<br>COLUMBUS OH 43219-3605 |
| ROSE M GRANATA<br>1922 NEW MARKET DRIVE<br>GROVE CITY OH 43123-1659 | Reg Martin<br>c/o Mark W. Iannotta<br>Strip Hoppers Leithart McGrath& Terlecky<br>575 S. Third Street<br>Columbus, OH 43215-5755 | Roger Hummell<br>5176 Mapleridge Dr<br>Columbus OH 43232-2882 |
| SONITROL OF CENTRAL OHIO<br>PO BOX 662<br>COLUMBUS OH 43216-0662 | SOUTHLAND STORAGE<br>3391 S HIGH STREET<br>COLUMBUS OH 43207-3624 | Southland Self Storage, LLC<br>c/o Brenda K. Bowers, Esq.<br>Vorys, Sater, Seymour and Pease LLP<br>52 East Gay Street, P.O. Box 1008<br>Columbus, OH 43216-1008 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | UNITED HEALTH INSURANCE<br>4316 RICE LAKE RD<br>DULUTH MN 55811-4012 | UNITED HEALTHCARE INSURANCE CO<br>450 COLUMBUS BLVD<br>PO BOX 150450<br>HARTFORD CT 06115-0450 |
| UNITED STATES TRUSTEE<br>170 N HIGH STREET STE 200<br>COLUMBUS OH 43215-2417 | UNIZAN BANK<br>PO BOX 3510<br>ZANESVILLE OH 43702-3510 | UNIZAN BANK<br>PO BOX 4658<br>ZANESVILLE OH 43702 |
| UNIZAN BANK NATIONAL ASSOCIATION<br>C/O DENNIS J MORRISON<br>MEAN BICHIMER BURKHOLDER & BAKER<br>2006 KENNY RD<br>COLUMBUS OH 43221-3502 | US BANK ELAN<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | US SOURCECORP<br>300 PRICE GEORGES BLVD<br>UPPER MARLBORO MD 20774-7409 |

| | | |
|---|---|---|
| United States Trustee | Waste Management<br>2421 W Peoria Ave Suite 110<br>Phoenix AZ 85029-4942 | Angela R Granata<br>President of Columbus Microfilm, Inc.<br>1922 New Market Drive<br>Grove City, OH 43123-1659 |
| Grady L Pettigrew Jr.<br>Law Office of Grady L. Pettigrew, Jr.<br>502 South Third Street<br>Columbus, OH 43215-5702 | John E Decker<br>3980 Shattuck<br>Columbus, Oh 43220-4172 | John E. Decker<br>4110 Indianola Avenue, Unit B<br>Columbus, Oh 43214-2850 |
| Larry J McClatchey<br>65 East State Street<br>Suite 1800<br>Columbus, OH 43215-4295 | Reg Martin<br>Martin Management Services, Inc.<br>180 East Broad Street<br>28th Floor<br>Columbus, OH 43215-3707 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CAPITAL ONE<br>PO BOX 85015<br>RICHMOND VA 23285 | Columbia Gas of Ohio Inc<br>200 Civic Center Dr 11th<br>Columbus OH 43215 | ELAN FINANCIAL<br>PO BOX 108<br>ST LOUIS MO 63166-9801 |
| INTERNAL REVENUE SERVICE<br>550 MAIN ST   RM 3525<br>CINCINNATI OH 45201 | (d)INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES BRANCH<br>PO BOX 1579<br>CINCINNATI OH 45201 | (d)INTERNAL REVENUE SERVICES<br>550 MAIN ST   RM 3525<br>CINCINNATI OH 45201 |
| OHIO BUREAU OF WORKERS COMPENSATION<br>LEGAL OPERATIONS BANKRUPTCY UNIT<br>30 W SPRING ST<br>PO BOX 15567<br>COLUMBUS OH 43215 | (d)Ohio Bureau Of Workers Compensation<br>PO Box 15567<br>Columbus OH 43215 | (d)Ohio Bureau of Workers Compensation<br>Law Section Bankruptcy Unit<br>PO Box 15567<br>Columbus, OH 43215 |
| Ohio Department of Taxation<br>30 E Broad St<br>Columbus OH 43215 | Sprint-Nextel Corporation<br>Attn:  Bankruptcy<br>PO Box 172408<br>Denver, CO 80217-2408 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ohio Department of Job & Family Services | (u)Ohio Department of Taxation | (u)The Huntington National Bank |

| | | |
|---|---|---|
| (d)ESS Staffing Resources, Inc.<br>c/o Nora E. Jones<br>Gamble Hartshorn Johnson, LLC<br>One East Livingston Avenue<br>Columbus, OH  43215-5700 | (d)Excel Temporaries, Inc.<br>c/o Nora E. Jones<br>Gamble Hartshorn Johnson, LLC<br>One East Livingston Avenue<br>Columbus, OH  43215-5700 | (u)OHIO BUREAU OF WORKERS' COMPENSATION |
| (u)United States Trustee, 170 N High St, Room | (u)Bradford Eldridge | End of Label Matrix<br>Mailable recipients    67<br>Bypassed recipients     8<br>Total                  75 |