**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 04-60904 |
| | : | |
| Columbus Microfilm, Inc. | : | Chapter 7 |
| | : | Judge C. Kathryn Preston |
| Debtor. | : | |

## HEARING MEMORANDUM OF FORMER CASE TRUSTEE REGARDING AMENDED MOTION TO REOPEN CASE TO ADMINISTER ESTATE ASSETS

Comes now Larry J. McClatchey, the former chapter 7 case Trustee, to submit comments on the *Amended Motion to Reopen Case* filed by Angela R. Granata on March 11, 2016 [Doc. #349] ("Granata Motion"). Trustee will not be able to attend the July 21, 2016 hearing in person, so this Memorandum is provided for the Court's consideration and as an aid to its deliberations.

The Granata Motion is not well-grounded and it should be denied. Her argument seems to be based on her belief that someone other than herself is responsible for the unopposed sale of the Condo. If so, her belief is mistaken. Granata was the chief executive and responsible officer of the Debtor for over two years prior to the conversion of the case to proceeding under chapter 7 of the Bankruptcy Code. The material issues she now raises could have and should have been addressed by her and her counsel during the chapter 11 phase of the case, when all of the significant events occurred. It would be inequitable to other parties to reopen the case, and would result in a substantial waste of judicial resources.

Moreover, because the chapter 7 estate was administratively insolvent at closing, even if there could be a net recovery from any of the "assets", which is highly unlikely, the recovery would not benefit Granata. Any net recovery would go first to satisfy the remaining expenses of the chapter 7 case, then the unpaid administrative costs of the chapter 11 case, and only then would

055424.001223/#4815-6042-5012 v1

funds be available to pay the priority claims against Debtor for which Granata may be personally responsible.

## BACKGROUND FACTS

Unizan Bank National Association filed a foreclosure case in the Franklin County Court of Common Pleas on March 5, 2004, Franklin County Court of Common Pleas Case No.: 04-CV-002600 ("Foreclosure Case"). Debtor, Granata, and her mother, Rose Granata, were among the defendants. Unizan obtained the appointment of a receiver, Reg Martin, of Martin Management, to assume control of Debtor's business and liquidate its assets for the benefit of Unizan.

On July 9, 2004, Columbus Microfilm, Inc. filed its petition initiating this case, seeking relief under chapter 11 of the Bankruptcy Code. Granata was the authorized representative and chief executive of CMI when the case was filed and remained so until the case was converted to a case under chapter 7.

On November 8, 2004, a Notice of Bankruptcy was filed in the Foreclosure Case. Shortly thereafter, on November 24, 2004, John C. Stamatakos, Attorney at Law, filed Answers on behalf of Debtor and the Granatas in the Foreclosure Case.

This court conducted a hearing beginning on August 31, 2004 and continuing September 8th and September 15, 2004, on motions brought by the Receiver and Unizan to dismiss the Debtor's petition, for abstention, for appointment of a chapter 11 trustee and to excuse turnover of property by the Receiver under 11 U.S.C. §543(d)(2). During the hearing, Granata testified about a residential condominium at 5680 Cainhill Lane, Hilliard, Ohio ("Condo"). Her testimony indicated that she had made personal payments on the Condo because she intended that her brother would live in the property. She also testified that the Debtor had made some payments. By order

dated September 17, 2004, this Court denied the Motions brought by the Receiver and Unizan [Doc. #39].

On June 21, 2005, the Hearns, who owned the Condo, filed a Motion to Intervene in the Foreclosure Case to protect their interest as vendors under a land installment contract in which Debtor was the vendee.

On July 22, 2005 the Hearns transferred the Condo to Debtor. Debtor immediately transferred the Condo to Charles A. Wemp.

On February 7, 2006, an Agreed Entry was entered in the Foreclosure Case which approved payment of Receiver's fees and fees of Receiver's counsel from proceeds of the sale of the Condo. Since the sale proceeds from the Condo were insufficient to pay those claims in full, Unizan, as secured creditor and plaintiff, was required and ordered, with its consent, to make up the difference to satisfy costs of the Receiver and his counsel.

On October 27, 2006, this Court entered its order converting the chapter 11 case to a case under chapter 7. Trustee was subsequently appointed. On March 29, 2007, over Granata's objection, this Court approved the sale of the business assets of Debtor as a going concern. The sale price was insufficient to satisfy Unizan's secured claim in full. Unizan nevertheless agreed to a "carve out" for the benefit of the estate in the amount of $50,000.00.

When administration was concluded, the chapter 7 estate was determined to be administratively insolvent. Administrative expenses were paid approximately 50% of the expense amount and the balance is unpaid.

Trustee filed his Final Account and the chapter 7 case was closed August 31, 2010.

## I.  To Reopen This Case Would Be Inequitable and Wasteful

It would be unfair to Reg Martin and creditors of the estate and wasteful of judicial resources to reopen the case now at Granata's request. Because of her malfeasance during the chapter 11 phase of the case, she is solely responsible for the circumstances she now offers as justification of her request.

The Condo was sold to a disinterested party on July 22, 2005, *a full year* after the chapter 11 case was filed and Granata taken control of the business back from the state court appointed Receiver. Yet she and counsel for Debtor, Mr. Pettigrew, failed to amend the Schedules to disclose whatever interest the Debtor might have had in the Condo[1]. Moreover, there is no indication in the record of the Foreclosure Case that counsel for Granata and Debtor, Mr. Stamatakos, asserted any claim to the Condo as an asset of the Debtor before it was sold. Her failure to administer the Condo as an asset of the chapter 11 estate for a year after case was commenced is both inexplicable and inexcusable.

It would be a waste of resources of the Court and interested parties to reopen the case because there is no meaningful chance of recovery of any of the "assets" Granata alleges to exist.

First, the time for filing an action to set aside the transfer of the Condo expired July 22, 2007, two years after the date of the transfer, 11 U. S. C. §549(d). Granata had over a year *before* conversion to bring an action to set aside the transfer of the Condo, but she neglected to do so.

Second, the rights of Charles A. Wemp, and subsequent transferees of the Condo will undoubtedly prevail over any claim to avoid the transfer. Granata and counsel for Debtor failed to file a copy or notice of the chapter 11 petition in the Franklin County real property records. Unless such notice is filed, 11 U. S. C. §549(c) prevents a Trustee from avoiding an unauthorized

---

[1] Indeed, Reg Martin provides evidence in his *Supplement to Memorandum in Opposition* filed July 14, 2016 [Doc. #357], that Mr. Pettigrew affirmatively released any interest of Debtor in the Condo before the sale to Wemp.

post-petition transfer of real property to a good faith purchaser without knowledge of the commencement of the case. There is no indication in the evidence produced by Granata that Wemp other than a good faith purchaser without notice.[2]

Granata contends that the Condo is still an asset of the bankruptcy estate and there will be a perpetual "cloud on the title" if the case is not reopened to administer the alleged asset, Granata Motion, p. 31. However, she produces no evidence of any such encumbrance. Indeed, the evidence in records of the Franklin County Auditor and Recorder establish the opposite—there is no "cloud on the title" to the Condo. Charles A. Wemp, the initial transferee, sold the Condo on March 28, 2013 to Mohamed Fakhari. Mr. Fakhari then sold the Condo to Brittany Osbourne on October 3, 2013. The fact that there have been two subsequent sales of the Condo without the necessity of any action in this Court is compelling evidence that there is, in fact, no "cloud on the title". There is simply no need to reopen the case to resolve this because there is no issue.

Granata also suggests that this case should be reopened in order to allow pursuit of claims against the Receiver and/or his counsel to recover fees or damages. From the available record, however, such claims would be problematic and unlikely to have merit. The Franklin County Court of Common Pleas did approve the sale and authorize the payment of fees to the Receiver and his counsel. Consequently, it would be necessary to ask Court of Common Pleas to vacate its February 7, 2006 order before proceeding with claims to recover fees authorized by that court. Since the Agreed Entry is more than 10 years old, there is substantial doubt whether the Trustee

---

[2] Moreover, the rights of a trustee to recover from the initial transferee and subsequent good faith transferees is strictly limited under 11 U. S. C. §550.

could meet the timeliness requirements of Ohio Civil Rule 60(B), which generally requires that a motion to set aside a judgment be brought within one year.[3]

Aside from the Condo and the possible claim against the Receiver and his counsel, Granata suggests that the case should be reopened to pursue a judgment against Grady L. Pettigrew and an alleged claim against JT/SG Enterprises. Granata comes forward with no facts to suggest that the judgment against Grady L. Pettigrew is now collectible. Mr. Pettigrew is no longer a practicing attorney and the undersigned has no reason to believe that he has any ability to satisfy the judgment, even if it remains property of the bankruptcy estate.

Granata incorrectly asserts that the claim against JT/SG Enterprises was not properly abandoned because of the absence of a court order approving the abandonment. There is no requirement for a court order approving proposed abandonment where notice of intent to abandon is given and there is no timely objection, *See,* LBR 6007-1(b).

Over two years elapsed between Granata's disclosure of the Condo in her testimony and the entry of the order converting the chapter 11 case to a case under chapter 7. Granata had ample opportunity to assert any grievance she or the Debtor may have had against Martin Management and Reg Martin prior to conversion. Therefore, it would be inequitable to reopen the case now at her request to assert the claims she failed to bring when she had the chance to do so,

    II.    **Reopening the Case Will Not Benefit Granata**

It is apparent from the Amended Motion and numerous prior pleadings filed by Granata in this case that her primary grievance is the failure of the bankruptcy process to result in payment of certain debts for which she apparently has personal liability. However, reopening the bankruptcy

---

[3] Even though Granata argues that the Agreed Entry is void because it was entered in violation of the automatic stay, at this juncture it must be presumed that the Franklin County Court of Common Pleas believed it had jurisdiction over the Condo when it approved the sale and payment of fees. The court had notice of the bankruptcy of Debtor.

case will likely not result in any relief to her, even if her malfeasance during the chapter 11 phase of the case has not erected insurmountable bars to recovery.

The chapter 7 bankruptcy case was administratively insolvent at closing, *See, Memorandum in Support of Trustee's Final Report* filed November 25, 20-09 [Doc. #291]. Administrative expenses were paid at approximately 50%. Substantial administrative expenses remain unpaid in full. For example, Trustee's counsel is still owed over $26,000.00, *Id.* If the Debtor makes any recovery on the alleged claims and assets, most, if not all, of the *net recovery* would go first to pay the unpaid chapter 7 administrative expenses[4]. It is highly unlikely that any of the questionable assets asserted by Movant could be liquidated to render the chapter 7 estate solvent, and to pay priority claims for which Granata may have personal liability.

Moreover, the record indicates that Unizan was a secured creditor of Debtor. It was the Plaintiff in the Foreclosure Case. It apparently consented to the use of proceeds of the sale of the Condo, presumably part of its collateral, to pay a portion of the costs of the receivership. It was then required to pay the balance of the awarded fees and costs, *See,* Exhibit A-14. Unizan also agreed to a carve out from its collateral for the benefit of the estate when the business was sold. If this case is reopened and the Agreed Entry in Common Pleas Court is vacated, there is a probability that any recovery will be from proceeds of Unizan's collateral, which it may be expected to claim.

For these reasons, Granata will not benefit from reopening the case, so the Granata Motion should be denied.

### III.    Conclusion

Movant concedes in her brief that the decision to reopen a bankruptcy case is left to the sound discretion of the bankruptcy court after consideration of the equities of each case,

---

[4] Trustee also has substantial doubt that experienced counsel will come forward and agree to pursue the dubious claims on a contingent fee basis, which is the only available fee basis.

*Mendelsohn v Ozer*, 241 B.R. 503, 506 (E.D.N.I. 1997). A bankruptcy court recently denied a motion to reopen a bankruptcy case so that the Debtor could avoid judicial liens when the request was made 7 years after the bankruptcy case was closed. In doing so, the court observed:

> "[T]he Debtor did not point to any decision involving a bankruptcy case reopened 7 or more years after it was closed. There are such cases…[citation omitted], but they are the exception by far, and not the rule. There is good reason for that. In the context of lien avoidance under §522(f), there would be significant difficulty litigating, 7 years after the fact, the types of questions that often arise. For example, there would substantial hurdles in 2016 where creditors who wanted to challenge the Debtor's valuation of his residence as of November 2008. The same is true with respect to the Debtor's claimed exemption in the residence…[citation omitted]. **The sum of unfair prejudice to creditors and unreasonable delay by the Debtor is laches, and laches is a basis for denying a request to reopen a case,**
>
> *In Re Paul James Lovell, Jr.*, Case No. 08-11204, United States Bankruptcy Court for the District of Maine, May 11, 2016 [copy attached] (emphasis added).

If this case is reopened, to describe future litigation difficulties as "substantial hurdles" is an understatement. Trustee has recently interviewed Dennis Morrison, counsel for Unizan in the Foreclosure Case, and John Stamatakos, Granata's counsel in that case. Neither of them has any recollection of what transpired in the Common Pleas Court in respect of the sale of the Condo. Both report that their files relating to the Foreclosure Case no longer exist. To the extent that Granata's Motion raises questions about the state court proceedings, pertinent or not, there is a lack of evidence from the available record to answer those questions.

The circumstances in this case require that Granata's Motion be denied. The case should not be reopened because Granata neglected her rights and duties during the chapter 11 phase of the case when she had ample time to address issues related to the receivership and sale of the Condo. Moreover, there is virtually no chance of any economic or other benefit to Granata if the case were to be reopened. Therefore, to do so would be inequitable and wasteful.

        /s/ Larry J. McClatchey
Larry J. McClatchey   (0012191)
KEGLER, BROWN, HILL & RITTER CO., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
614/462-5400
Facsimile:  614/464-2634
lmcclatchey@keglerbrown.com
Trustee and Attorney for Trustee

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing Objection was sent electronically or by ordinary United States mail, as shown below, to the following listed persons, on July 14, 2016.

ELECTRONIC SERVICE:

Asst US Trustee (Col)   ustpregion09.cb.ecf@usdoj.gov
James C. Carpenter    james.carpenter@steptoe-johnson.com, vince.holzhall@steptoe-johnson.com;jennifer.king@steptoe-johnson.com;kelly.bailey@steptoe-johnson.com;jcarpenter3@mac.com
Stewart H Cupps    scupps@wowway.com
Steven L Diller    steven@drlawllc.com, kim@drlawllc.com;dillon@drlawllc.com;eric@drlawllc.com
Brian M Gianangeli    bgianangeli@mifsudlaw.com
Mark W Iannotta    bkennedy@plunkettcooney.com;abower@plunkettcooney.com
Nora E Jones    noraejones@aol.com
Andrew M Malek    USAOHS.ECFColBank@usdoj.gov
Larry J McClatchey    rhayes@keglerbrown.com, bgibson@keglerbrown.com
Larry J McClatchey    rkelley@keglerbrown.com, ecf.alert+McClatchey@titlexi.com
Larry J. McClatchey    lmcclatchey@keglerbrown.com, bgibson@keglerbrown.com
Dennis J Morrison    dmorrison@lanealton.com
A C Strip    acs@columbuslawyer.net, tam@columbuslawyer.net
Myron N Terlecky    mnt@columbuslawyer.net, mlv@columbuslawyer.net
David M Whittaker    dwhittaker@bricker.com

ORDINARY MAIL

Columbus Microfilm, Inc.
Attn: Angela R. Granata, President
1922 New Market Drive
Grove City, Ohio 43123

        /s/ Larry J. McClatchey_____
Larry J. McClatchey

055424.001223/#4815-6042-5012 v1

**Majority Opinion >**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MAINE

In re: Paul James Lovell, Jr., Debtor

Chapter 7 Case No. 08-11204

May 11, 2016, Filed May 11, 2016, Decided

For Paul James Lovell, Jr., Debtor: Sidney H. Geller, Esq., Waterville, ME; Joseph M. O'Donnell, Esq., Augusta, ME.

For P. J. Perrino, Jr., Trustee: P. J. Perrino, Jr., Augusta, ME.

Michael A. Fagone, United States District Judge.

Michael A. Fagone

**ORDER DENYING MOTION TO REOPEN CASE**

The Debtor seeks an order, under **11 U.S.C. § 350(b)**, reopening his chapter 7 case so that he can seek to avoid two judicial liens that allegedly impair his exemption in a principal residence. See Debtor's Motion to Reopen Case [Dkt. No. 17] (the "Motion to Reopen"). Copies of the Motion to Reopen appear to have been mailed to the holders of those liens. There were no timely objections or other responses to the Motion to Reopen.

This routine chapter 7 case began on November 4, 2008. The Debtor claimed a $35,000 exemption in residential real estate located at 353 Cony Road, Augusta, Maine. No timely objections to that claimed exemption were filed. See Dkt. Nos. 1 and 6. The Debtor received a discharge under **11 U.S.C. § 727** in February 2009 and, following the chapter 7 trustee's report of no distribution, the case was closed in April 2009. The Motion to Reopen was filed almost seven years later.

When the Motion to Reopen was filed, the Debtor also filed a motion asking the Court to avoid, under **11 U.S.C. § 522(f)**, two judicial liens. The liens are identified as being held by Kamco Supply Corp. of Boston ("Kamco") and Central Maine Drywall, Inc. ("CMDI"). The Debtor asserts that Kamco recorded a writ of execution in the Kennebec County Registry of Deeds on October 31, 2008, less than a week before the chapter 7 filing. The Debtor asserts that CMDI recorded a writ of execution in the registry on November 13, 2008, over a week after the chapter 7 filing. The Debtor makes no allegations regarding whether Kamco or CMDI complied with Maine law regarding the creation of execution liens. See **14 M.R.S.A. § 4651-A(1), (5)**.[1]

A debtor's desire to avoid judicial liens under **section 522(f)** is cause for reopening a case. See, e.g., In re Caicedo, **159 B.R. 104** (Bankr. D. Conn. 1993). There is no express time limitation on a motion to reopen under **section 350(b)**. See **11 U.S.C. § 350(b)**; **Fed. R. Bankr. P. 5010**; **Fed. R. Bankr. P. 9024**. The Court has considerable discretion in ruling on a motion to reopen, see Patriot Portfolio, LLC v. Weinstein (In re Weinstein), **164 F.3d 677**, 686 & n.7

(1st Cir. 1999), and the length of time between the closing of the case and the request to reopen is a factor that is properly considered. *See, e.g.*, In re Bianucci, **4 F.3d 526** (7th Cir. 1993). As noted by one court:

> The strong policy and purpose of the bankruptcy laws in ensuring 'prompt and effectual administration and settlement of the estate' requires that an interested person, including the debtor, act promptly to preserve its rights. The longer a party waits to request that a case be reopened, the greater the burden in demonstrating that cause exists to reopen the case.

In re Jackson, **144 B.R. 853**, 854-55 (Bankr. W.D. Ark. 1992)(citations omitted).

The Court has serious reservations about reopening a case that was closed in 2009. The first reservation relates to the adequacy of notice of the Motion to Reopen. The motion appears to have been mailed to the holders of the liens, but [*2] there is no way for the Court to determine on the current record (i) whether the motion was properly served on the holders of the liens under **Fed. R. Bankr. P. 9014(b)** and **7004** or (ii) whether those holders otherwise had actual notice of the motion.

The second reservation relates to the adequacy of the record. A significant amount of time has elapsed since the case was closed and, given that amount of time, the Debtor's request is somewhat extraordinary. But what the Debtor has offered thus far is insufficient to justify an award of extraordinary relief. There are no allegations in the Motion to Reopen regarding (i) why the liens were not disclosed in the schedules in the first instance; (ii) when and how the Debtor first became aware of the liens; (iii) whether the Debtor's attorney conducted any title work or other investigation that would have identified the liens and, if so, when that work was performed; or (iv) the extent of any enforcement activity by the holders of the liens after the case was closed and before the Motion to Reopen was filed.[2] Instead, there are three very bare allegations in the Motion to Reopen.

The Debtor did not point to any decision involving a bankruptcy case reopened seven or more years after it was closed. There are such cases, *see, e.g.*, In re Stein, **394 B.R. 13** (Bankr. E.D.N.Y. 2008), but they are the exception, by far, and not the rule. There is good reason for that. In the context of lien avoidance under **section 522(f)**, there would be significant difficulty litigating, seven years after the fact, the types of questions that often arise. For example, there would be substantial hurdles in 2016 for creditors who wanted to challenge the Debtor's valuation of his residence as of November 2008. The same is true with respect to the Debtor's claimed exemption in the residence. *See* **Fed. R. Bankr. P. 4003(d)**. The sum of unfair prejudice to the creditors and unreasonable delay by the debtor is laches, and laches is a basis for denying a request to reopen a case.

The Motion to Reopen is denied.[3] As a result, the Court will take no further action on the Debtor's motion to avoid liens [Dkt. No. 18].

Dated: May 11, 2016

/s/ Michael A. Fagone

Michael A. Fagone

United States Bankruptcy Judge

District of Maine

---

fn 1

> This is a somewhat curious omission. **Section 4651-A(5)** requires the judgment creditor to provide notice of the creation of the lien within 20 days after the filing or recording the existence of the lien. Perhaps the Debtor received the prescribed notices from Kamco and CMDI; perhaps he did not. But the request to avoid the liens does not indicate one way or the other.

fn 2

> The Debtor did not specifically request that the Court conduct a hearing at which witnesses could give testimony under oath or at which documents could be admitted in evidence. During the hearing on the Motion to Reopen, the

Debtor's counsel made what could be viewed as an offer of proof regarding the Debtor's testimony. But the Debtor was not physically present in the courtroom and therefore could not give testimony via an offer of proof. Moreover, the offer of proof was somewhat limited in scope and did not address the issues raised in this order.

fn 3

This denial is without prejudice to the Debtor's right to renew his request for the Court to reopen the case. Any renewed request should address the issues raised in this order, including without limitation the extent to which the current holders of the liens have been given actual notice of the request to reopen and the request to avoid their liens.